David Donahue (DD 5808)
Nicholas Eisenman (NE 0213)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (phone)
(212) 813-5901 (fax)

Counsel for Plaintiff Universal Music - MGB NA LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL MUSIC – MGB NA LLC,<br><br>                          Plaintiff,<br><br>   - against -<br><br>KILLERSOUND, INC.,<br><br>                          Defendant. | 07 Civ. 8353 (NRB)<br><br>**[PROPOSED] DEFAULT JUDGMENT** |

This action having been commenced by plaintiff Universal Music – MGB NA LLC ("Plaintiff") on September 25, 2007 by the filing of the Summons and Complaint charging defendant Killersound, Inc. ("Defendant") with trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1), 1125(a), and related claims under New York State law, N.Y. General Business Law §§ 349, 360-l, and Defendant having been duly and properly served with a copy of the Summons and Complaint pursuant to Rules 4(e)(1) and (h)(1) of the Federal Rules of Civil Procedure by posting and mailing on November 9, 2007 to defendant Killersound, Inc., c/o its Registered Agent, Frank Fouad Gelat, 34 Sawmill Court, Mountain View, CA 94043, and proof of such service having been filed on December 3, 2007, and the Defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.     Judgment is entered for Plaintiff and against Defendant on Plaintiff's claims for

trademark infringement under 15 U.S.C. § 1114(1), unfair competition under 15 U.S.C. § 1125(a), unfair competition under New York State common law, deceptive and unfair trade practices under N.Y. General Business Law § 349, and trademark dilution under N.Y. General Business Law § 360-l.

2. Defendant, its officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them, are hereby jointly and severally permanently enjoined and forever restrained from:

(a) using the KILLERSOUND mark, the KILLER TRACKS mark, or any mark that includes KILLER in whole or in part, or a phonetic equivalent or misspelling thereof, or any other simulation, reproduction, copy, colorable imitation or confusingly similar variation of the KILLER TRACKS mark (each of the foregoing a "Prohibited Mark"), in connection with the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of musical sound recordings and sound effects, or in connection with the advertising, promotion, sale or offering for sale of production music, music publishing, and music information services;

(b) conducting any activities in the United States under a Prohibited Mark that relate to, refer to or concern the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of musical sound recordings and sound effects, or in connection with the advertising, promotion, sale or offering for sale of production music, music publishing, and music information services;

(c) using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead

members of the trade or public to believe that any goods manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant, or any services advertised, promoted, sold or offered for sale by Defendant, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

(d) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the KILLER TRACKS mark;

(e) applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any Prohibited Mark, for musical sound recordings, sound effects, production music services, music publishing services, music information services or any goods or services related to the foregoing;

(f) diluting or tarnishing Plaintiff's KILLER TRACKS mark;

(g) incorporating under, doing business under or seeking to trade under any business name that includes the term "KILLER" or any Prohibited Mark in the United States;

(h) using any domain name or metatag that includes in whole or in part the term "KILLER" or any Prohibited Mark, including, without limitation, the domain name killersound.com, in connection with a web site that advertises, promotes, markets, displays, sells or offers for sale or otherwise refers to musical sound recordings, sound effects, production music services, music publishing services, music information services or any goods or services related to the foregoing;

(i) owning, renting, purchasing or otherwise obtaining rights to any internet search term that includes in whole or in part the term "KILLER" or any Prohibited Mark for

purposes of directing internet traffic to any web site that advertises, promotes, displays or otherwise refers to musical sound recordings, sound effects, production music services, music publishing services, music information services or any goods or services related to the foregoing;

   (j) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above;

  3. Defendant is hereby ordered to change, at its own cost and expense, its corporate name to a name that does not include the KILLERSOUND mark, or any other Prohibited Mark, and to effectuate such name change by no later than ten (10) business days after entry of judgment.

  4. Defendant is hereby ordered, at its own cost and expense, to take all steps necessary to cancel the killersound.com domain name and any other domain names owned or controlled by defendant which use or incorporate KILLER or any other Prohibited Marks, in whole or part, and provide to Plaintiff evidence that it has done so, within ten (10) days after entry of judgment. If Defendant fails to take such steps within the ten (10) day period, then

   (a) the appropriate domain name registrar shall, promptly following receipt of copy of such judgment, take all steps necessary to comply with said judgment, including by cancelling Defendant's registration for the killersound.com domain name; and

   (b) the appropriate internet service provider shall, promptly following receipt of copy of such judgment, take all steps necessary to comply with said judgment, including by terminating internet service to Defendant in connection with the website located at www.killersound.com.

  5. Defendant is hereby ordered to deliver up to Plaintiff's attorneys for destruction

{F0238527.3}

4

all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in its possession or under Defendant's control incorporating, featuring or bearing the KILLERSOUND mark or any other Prohibited Mark in connection with musical sound recordings, sound effects, production music services, music publishing services, music information services or any goods or services related to the foregoing; and

6. Defendant is hereby ordered to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

Dated: New York, New York
_____, 2008

_____
United States District Court Judge

{F0238527.3 }