David Donahue (DD 5808)
Nicholas H. Eisenman (NE 0213)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Phone: (212) 813-5900
Fax: (212) 813-5901

Counsel for Plaintiff Universal Music - MGB NA LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL MUSIC – MGB NA LLC,<br><br>      Plaintiff,<br><br>  - against -<br><br>KILLERSOUND, INC.,<br><br>      Defendant. | 07 Civ. 8353 (NRB) |

**AFFIDAVIT OF DAVID DONAHUE IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR ENTRY OF A DEFAULT JUDGMENT**

STATE OF NEW YORK )
         ) ss:
COUNTY OF NEW YORK )

DAVID DONAHUE, being duly sworn, deposes and says:

  1.  I am a member of the Bar of this Court and of the law firm of Fross Zelnick Lehrman & Zissu, P.C. ("Fross Zelnick"), attorneys for plaintiff Universal Music - MGB NA LLC ("Plaintiff") in the above-entitled action. I submit this affidavit pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York in support of Plaintiff's Application for Entry of a Default Judgment against defendant Killersound Inc. ("Defendant"). This affidavit is

{F0238529.2 }

based on my personal knowledge, the records of my law firm, the records of the Court, and the pleadings and proceedings to date in this matter.

2. This action concerns Defendant's willful infringement of Plaintiff's rights in the KILLER TRACKS trademark for musical sound recordings, sound effects and production music services. Plaintiff filed the Summons and Complaint on September 25, 2007. A true and correct copy is attached hereto as Exhibit A.

3. Plaintiff attempted to effect service of the Summons and Complaint upon Defendant by personal service at the place of residence of its Registered Agent, Frank Fouad Gelat, on several occasions. Thereafter, on November 9, 2007, Plaintiff served a copy of the Summons and Complaint, the Individual Practices of the Honorable Naomi Reice Buchwald, and ECF information materials on Defendant by posting and mailing to defendant Killersound, Inc., c/o Registered Agent, Frank Fouad Gelat, 34 Sawmill Court, Mountain View, CA 94043. A true and correct copy of Plaintiff's Affidavit of Service, filed on December 3, 2007, is attached as Exhibit B.

4. Upon Defendant's request, Plaintiff granted Defendant a thirty-day extension of time (until December 29, 2007) to respond to the Complaint. A true and correct copy of the undersigned counsel's November 5, 2007 e-mail to Mr. Gelat confirming such extension is attached as Exhibit C.

5. Upon Defendant's request, Plaintiff granted Defendant a further extension of time until January 13, 2008 to respond to the Complaint. A true and correct copy of the undersigned counsel's December 17, 2007 letter to Mr. Gelat confirming such extension is attached as Exhibit D.

6. Upon Defendant's further request, Plaintiff granted Defendant a final extension of time until January 21, 2008 to respond to the Complaint. A true and correct copy of the undersigned counsel's January 10, 2008 letter to Mr. Gelat confirming such extension is attached as Exhibit E. No further extension was requested by Defendant or granted by Plaintiff before the January 21, 2008 deadline.

7. Although the parties have engaged in settlement negotiations, Plaintiff never relieved Defendant of its obligation to respond to the Complaint and has considered Defendant to be in default since January 22, 2008.

8. The parties' settlement negotiations have been unsuccessful. On February 29, 2008, Plaintiff made a final counteroffer to Defendant and advised that if Defendant did not accept the terms by 5:00 p.m. EST, Wednesday, March 5, 2008, Plaintiff would vigorously move forward with this case. A true and correct copy of the undersigned counsel's February 29, 2008 letter to Mr. Gelat, redacted to protect the confidentiality of settlement negotiations under Federal Rule of Evidence 408, is attached as Exhibit F.

9. Defendant failed to accept Plaintiff's final settlement demand by the March 5, 2008 deadline. Instead, Mr. Gelat asked for a further extension of the deadline to respond to the Complaint, even though Plaintiff made clear on January 10, 2008 that no further extensions beyond January 21, 2008 would be granted. *See* Ex. E.

10. Upon information and belief, Defendant has no intention of defending itself in this lawsuit and instead will continue to seek one extension after another to avoid a hearing on the merits of Plaintiff's claims concerning Defendant's willful infringement of Plaintiff's KILLER TRACKS mark. As such, Plaintiff denied Mr. Gelat's request for a further extension and is proceeding with this Application for Entry of a Default Judgment.

11. On November 15, 2007, the Court advised Mr. Gelat, *inter alia*, that "corporate parties may not proceed pro se and must be represented by an attorney" and further that "[f]ailure to appear by counsel can result in the entry of a default judgment or dismissal of claims presented." A copy of the Court's November 15, 2007 letter to Mr. Gelat is attached as Exhibit G. Upon information and belief, Defendant has ignored the Court's warning and has not engaged counsel to represent it in this matter.

12. Despite its actual knowledge of this action, and its receipt of the Summons and Complaint in this action, Defendant has entirely failed to plead or otherwise defend this action. To the best of my knowledge, neither Defendant (a corporation) nor Mr. Gelat is a minor, incompetent or presently in the military.

13. A Certificate of Default entered by the Clerk in this action is attached as Exhibit H.

14. A [Proposed] Default Judgment, which solely requests injunctive relief, is attached as Exhibit I.

_____
David Donahue

Sworn to before me on this
11th day of March, 2008

_____
Notary Public

JUDITH D. BARON
Notary Public, State of New York
No. 01BA6067118
Qualified in Kings County
My Comm. Expires December 3, 2009

{F0238529.2}